IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-0041 |
| ) | |
| ONE 1962 AERO TWIN COMMANDER ) | |
| 500B, TAIL NO. N37CK, SERIAL NO. 500A- ) | |
| 1251-76, ) | |
| ) | |
| Defendant. ) | |
| ) | |

APPEARANCES:

DELIA L. SMITH, UNITED STATES ATTORNEY
KIMBERLY L. COLE, ASSISTANT UNITED STATES ATTORNEY
OFFICE THE UNITED STATES ATTORNEY
ST. THOMAS, U.S. VIRGIN ISLANDS
    FOR PLAINTIFF,

RUSSELL ROBINSON, PRO SE
ST. THOMAS, U.S. VIRGIN ISLANDS
    CLAIMANT

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

    **BEFORE THE COURT** is the United States' Motion for Judgment on the Pleadings (Mot.) (ECF No. 30). Claimant, Russell Robinson (Robinson), filed an opposition to the motion, as well as a Motion Requesting Court Hold Any Adverse Ruling(s) in Abeyance (ECF No. 41),[1] a Motion to Dismiss (ECF No. 43), and a "Judicial Notice Motion" (ECF No. 51). The time for filing a reply to the United States' motion has expired. The United States filed an opposition to Robinson's motion to hold in abeyance, primarily reiterating its arguments in its motion for judgment on the pleadings. *See* ECF No. 44. Robinson filed a reply to said response. *See* ECF No. 45. These motions are ripe for adjudication. For the reasons stated

---

[1] What appears to be an identical motion is docketed at ECF No. 38. As a result of the Court's findings herein, both motions will be rendered moot.

Case: 3:22-cv-00041-RAM-RM    Document #: 53    Filed: 09/25/23    Page 2 of 15

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-0041
Memorandum Opinion
Page 2 of 15

below, the Court will grant in part and deny in part United States' motion for judgment on the pleadings, which will render Robinson's motions moot.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The United States commenced this forfeiture proceeding by the filing of its complaint on June 27, 2022. (ECF No. 1.) The United States then filed a notice that the "Warrant of Arrest (Doc. No. 2) was executed on the defendant property on July 12, 2022." ECF No. 3. Robinson filed a document titled "Verified Opposition/Reply Contesting Complaint for Forfeiture in Rem, Under Penalty of Perjury (28 U.S.C. § 1746)," ECF No. 4, claiming to be the "real-party-in-interest." *Id*. at 1. On August 3, 2022, the United States filed an Amended Complaint (ECF No. 19). Robinson immediately responded, filing his "Verified Opposition to First Amended Complaint (ECF #19) Under Penalty of Perjury (28 U.S.C. § 1746) with Facts,[sic] and Jurisprudence in Support," ECF No. 21,[3] on August 4, 2022, wherein he identifies himself as "Real-Party-In-Interest." *Id*. at 1.

The United States asserts jurisdiction of the Court pursuant to 49 U.S.C. § 46306, alleging that, on March 8, 2022, while not properly licensed, Robinson operated the aircraft at issue, in violation of 49 U.S.C. § 46306(b)(7), subjecting the aircraft to forfeiture under subparagraph (d) of 49 U.S.C. § 46306. Robinson opposes, contending that he did not "pilot" the plane and, in any event, the suspension of his pilot license was improper. *See* ECF No. 21 at 2.

After propounding interrogatories to Robinson, *see* ECF No. 23, and receiving Robinson's responses thereto, the United States filed the motion for judgment on the pleadings currently before the Court, asking the Court to strike Robinson's claim and enter judgment in its favor. *See* ECF Nos. 32 and 32-1. Robinson filed an opposition to the motion, *see* ECF No. 34, without reply by the United States.

Subsequently, Robinson filed a number of documents with the Court, including, but not limited to, his Motions Requesting Court Hold Any Adverse Ruling(s) in Abeyance (ECF Nos. 38 and 41), a motion to dismiss (ECF No. 43), and "Judicial Notice Motion" (ECF No. 51).[4]

---

[2] Because the Court will grant the United States' request to strike Robinson's claim, Robinson's pending motions will be rendered moot, and the Court need not address them.
[3] A nearly identical opposition is docketed at ECF No. 20. All references to Robinson's said "opposition" herein are to the document docketed at ECF No. 21.
[4] *See* n.2, hereinabove.

Case: 3:22-cv-00041-RAM-RM   Document #: 53   Filed: 09/25/23   Page 3 of 15

United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76
Case No. 3:22-cv-0041
Memorandum Opinion
Page 3 of 15

## II. LEGAL STANDARD

The United States brings this civil forfeiture proceeding under 49 U.S.C. § 46306. "Civil forfeiture actions are governed by the procedures set forth in 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), a subset of the Federal Rules of Civil Procedure." *United States v. All Assets Held at Bank Julius Baer & Co.*, Civil Action No. 04-0798 (PLF), 2023 U.S. Dist. LEXIS 135712, at *20 (D.D.C. Aug. 4, 2023) (*All Assets*).

Section 983 of Title 18 of the United States Code provides in relevant part:

**(2)**

    **(A)** Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.

    \*   \*   \*

**(3)**

    **(A)** Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

    \*   \*   \*

**(4)**

    **(A)** In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

    **(B)** A person asserting an interest in seized property, in accordance with subparagraph (A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim.

18 U.S.C. § 983(a)(2), (3), (4). As provided in the statute, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules) Rule G

Case: 3:22-cv-00041-RAM-RM Document #: 53 Filed: 09/25/23 Page 4 of 15

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-0041
Memorandum Opinion
Page 4 of 15

outlines all the procedural steps that must be followed regarding "forfeiture action in rem arising from a federal statute." Supplemental Rule G(1).

Supplemental Rule G(8)(c)(ii)[5] allows a motion to strike a claim to be brought as a motion for judgment on the pleadings, which the United States has done, here. The usual standard of review applicable to a Rule 12(c) motion for judgment on the pleadings is the same as a motion to dismiss brought under Rule 12(b)(6). *See, e.g., Zimmerman v. Corbett*, 873 F. 3d 414, 417 (3d Cir. 2017) ("'A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'" (footnote omitted)); *Boone v. Solid Wood Cabinet Co., LLC*, Civ. No. 17-4323 (KM) (JBC), 2018 U.S. Dist. LEXIS 91980, at *4 (D.N.J. May 31, 2018) ("A motion for judgment on the pleadings is often indistinguishable from a motion to dismiss, except that it is made after the filing of a responsive pleading. Fed. R. Civ. P. 12(h)(2) 'provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings.' . . . Accordingly, when a Rule 12(c) motion asserts that the complaint fails to state a claim, the familiar Rule 12(b)(6) standard applies." (quoting *Turbe v. Governement of Virgin Islands*, 938 F. 2d 427, 428 (3d Cir. 1991))); *Ivers v. Brentwood Borough Sch. Dist.*, Civil Action No. 2:20-1244, 2021 U.S. Dist. LEXIS 36675, at *3 (W.D. Pa. Feb. 26, 2021) ("The primary distinction between motions under Rules

---

[5] Supplemental Rule G(8) provides, in relevant part:

> **(8) Motions.**
>> **(c)** *Motion To Strike a Claim or Answer.*
>>> **(i)** At any time before trial, the government may move to strike a claim or answer:
>>>> **(A)** for failing to comply with Rule G(5) or (6), or
>>>> **(B)** because the claimant lacks standing.
>>> **(ii)** The motion:
>>>> **(A)** must be decided before any motion by the claimant to dismiss the action; and
>>>> **(B)** may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence.

Fed. R. Civ. P. Supplemental Rule G(8).

Case: 3:22-cv-00041-RAM-RM   Document #: 53   Filed: 09/25/23   Page 5 of 15

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-0041
Memorandum Opinion
Page 5 of 15

12(b)(6) and 12(c) is timing: if a motion is filed before an answer, it is a motion to dismiss; if it is filed after the answer, it is a motion for judgment on the pleadings. The distinction between these motions is merely semantic because the same standard of review generally applies to both." (citing *Turbe v. Government of the Virgin Islands*, 938 F. 2d 427, 428 (3d Cir. 1991))). As the *Ivers* court notes, the only meaningful difference between the two motions "is not the standard of a court's review, but its scope. Unlike with motions to dismiss, a court reviewing a motion for judgment on the pleadings considers not only the complaint, but also the written answer and attachments to the pleadings." *Ivers*, 2021 U.S. Dist. LEXIS 36675, at *4. Thus,

> [a] motion for judgment on the pleadings should be granted if the movant establishes that "there are no material issues of fact, and he is entitled to judgment as a matter of law." In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party.

*Zimmerman*, 873 F. 3d at 417-18 (footnotes omitted).

### III. DISCUSSION

As stated in Supplemental Rule G(8), a motion to strike may be based upon either failure to comply with Rule G(5) or (6) or for lack of standing. Supplemental Rule G(8)(c)(i). The United States seeks to strike Robinson's claim on both grounds. Mot. at 1; Plaintiff's Memorandum in Support of its Motion for Judgment on the Pleadings (Mem.) (ECF No. 31) at 1. In response, Robinson refers to a document titled "Aircraft Operating Agreement," which identifies Robinson as an "interested party" and the owner of the aircraft at issue as Taj Leasing, Inc. ECF No. 32-1.

### A. Standing

Both bases for a motion to strike identified in Rule G(8)(c)(i) go to the issue of standing. Failure to comply with the Supplemental Rules is referred to as "statutory standing." The standing referred to in subparagraph (c)(i)(B) has been interpreted to mean Article III, constitutional standing. The *All Assets* court explains:

> When the government moves to strike a claim for lack of standing pursuant to Rule G(8)(c) of the Supplemental Rules, the claimant has the burden of "establishing standing by a preponderance of the evidence." SUPP. R. G(8)(c)(ii)(B). "To prevail, a claimant must meet both Article III and

Case: 3:22-cv-00041-RAM-RM Document #: 53 Filed: 09/25/23 Page 6 of 15

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-0041
Memorandum Opinion
Page 6 of 15

>>statutory standing requirements." United States v. $17,900 in U.S. Currency, 859 F.3d at 1089 (internal quotations omitted). "The term 'statutory standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while 'Article III standing' [or 'constitutional standing'] relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution." United States v. 8 Gilcrease Lane, Quincy, Fla. 32351, 641 F. Supp. 2d 1, 5-6 (D.D.C. 2009) (citing Stefan D. Cassella, Asset Forfeiture in the United States: A Treatise on Forfeiture Law § 9-4 at 326 (2006)).

*All Assets*, 2023 U.S. Dist. LEXIS 135712, at *20-21; *see also, e.g., United States v. $92,550 U.S. Currency*, 22-CV-0957V(Sr), 2023 U.S. Dist. LEXIS 128668, at *4-5 (W.D.N.Y. July 25, 2023) ("In order to contest a forfeiture action, claimants must have both constitutional and statutory standing." (citing *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999))).

**1. Statutory Standing under Rule G(5)**

Supplemental Rule G(5) provides, in pertinent part:

>**(5) Responsive Pleadings.**
>
>>**(a)** *Filing a Claim.*
>>
>>>**(i)** A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>>>
>>>>**(A)** identify the specific property claimed;
>>>>
>>>>**(B)** identify the claimant and state the claimant's interest in the property;
>>>>
>>>>**(C)** be signed by the claimant under penalty of perjury; and
>>>>
>>>>**(D)** be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).
>>
>> \*   \*   \*
>>
>>**(b)** *Answer.* A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

Fed. R. Civ. P. Supplemental Rule G(5).

In its Memorandum of Law in support of its motion, the United States lists the "relevant" documents filed by Robinson after it filed its Complaint:

Case: 3:22-cv-00041-RAM-RM Document #: 53 Filed: 09/25/23 Page 7 of 15

United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76
Case No. 3:22-cv-0041
Memorandum Opinion
Page 7 of 15

> On July 14, 2022, Robinson filed a document titled "Verified Opposition/Reply Contesting Complaint for Forfeiture In Rem, Under penalty of Perjury" D.E. #4.
>
> On July 19, 2022, Robinson filed a document titled "Verified Motion Under Penalty of Perjury (28 U.S.C. § 1746) To Dimiss [sic] Cause of Action With Prejudice." D.E. #9.
>
> On July 20, 2022, Robinson filed a document twice titled "Affidavit Under Penalty Of Perjury (28 U.S.C. § 1746) In Support Of Motion To Dimiss [sic] This Captioned Matter." D.E. #10 and 12.
>
> On July 23, 2022, and July 25, 2022, Robinson filed a document titled "Verified Supplement Under Penalty Of Perjury To Motion To Dimiss [sic] Under Penalty Of Perjury In Accord With 18 U.S.C. §§ 1001, 1623; 28 U.S.C. § 1746." D.E. #14 and 16.
>
> On August 3, 2022, and August 4, 2022, Robinson filed a document titled "Verified Opposition to First Amended Complaint" (ECF # 19) Under Penalty Of Perjury 28 U.S.C. § 1746) With Facts, and Jurisprudence In Support." D.E. #20-21.

Mem. at 3 (footnote omitted). The United States contends that "[n]one of Robinson's filings meets the requirements of a verified claim under under [sic] Rule G(5)(a)(i)(B)." *Id*.

"Courts generally expect claimants to 'adhere strictly' to these statutory requirements governing civil forfeiture proceedings." *All Assets*, 2023 U.S. Dist. LEXIS 135712, at *22-23 (citing *United States v. All Assets Held at Bank Julius Baer & Co.*, 664 F. Supp. 2d 97, 101 (D.D.C. 2009) (*All Assets II*) and *United States v. Funds from Prudential Secs.*, 300 F. Supp. 2d 99, 104 (D.D.C. 2004)); *see also United States v. Premises & Real Prop. with All Bldgs.*, 116 F. Supp. 3d 190, 193 (W.D.N.Y. 2015) ("Strict compliance with the Supplemental Rules is generally required . . .." (citing *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993))), *cited in United States v. $92,550 U.S. Currency*, 22-CV-0957V(Sr), 2023 U.S. Dist. LEXIS 128668, at *7 (W.D.N.Y. July 25, 2023); *United States v. $487,825 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007) ("A claimant who fails to file a verified [claim] has no standing to contest a forfeiture.").

> Further, the *All Assets* court notes:
>
> While courts may "excuse" procedural failings "so long as the 'underlying goals of the Supplemental Rules 'are not frustrated,' All Assets II, 664 F. Supp. 2d at 102 (citing United States v. Funds from Prudential Secs., 300 F.Supp.2d at 104 (collecting cases)), the Third Circuit has identified compliance with the Supplemental Rules' requirement that a claimant must file a verified claim as the "most significant requirement." United States v. $487,825 in U.S. Currency,

Case: 3:22-cv-00041-RAM-RM Document #: 53 Filed: 09/25/23 Page 8 of 15

United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76
Case No. 3:22-cv-0041
Memorandum Opinion
Page 8 of 15

> > 484 F.3d 662, 664 (3d Cir. 2007), as amended (May 14, 2007) (discussing Supplemental Rule C). See also United States v. $39,557.00, More or Less, in U.S. Currency, 683 F. Supp. 2d 335, 339 (D.N.J. 2010) (saying the same about Supplemental Rule G).
>
> *All Assets*, 2023 U.S. Dist. LEXIS 135712, at *23.

Here, none of Robinson's filings are titled "claim" or "verified claim." A review of his opposition/reply to the amended complaint reveals that, while it refers to "N37CK, the 'res,[sic]' in this captioned matter," ECF No. 21 at 1, Robinson fails otherwise to "identify the specific property claimed" as required by Supplemental Rule G(5)(a)(i)(A). In addition, Robinson fails to assert plainly his claimed interest in the aircraft in this opposition/reply, merely stating in passing: "Just like any other aircraft owner does. Further, letters and other communications to the FAA and VIPA were openly made so how can concealment of ownership be alleged? Also, N37CK has been in Robinson's family's possession since 1988." ECF No. 21 at 6. This opposition/reply to the amended complaint appears to respond only to the underlying claim for forfeiture. *See id. passim*. The Court concludes that Robinson's opposition/reply to the amended complaint cannot be construed to constitute a verified claim as set forth in the Supplemental Rules. At the same time, an argument could be made that Robinson's opposition/reply to the original complaint, ECF No. 4, and/or his opposition to the United States' motion for judgment on the pleadings could be considered a verified claim because, while not models of clarity, within those documents Robinson does identify the claimed property, at least attempts to identify his claimed interest therein, and states that he submits it "under penalty of perjury" *See* ECF No. 4 at 1; ECF No. 32 at 1.

However, even if the Court were to find that a verified claim for purposes of Supplemental Rule G(5) has been filed, none of Robinson's filings qualify as an answer to the amended complaint. Courts have held that the filing of both a verified claim and an answer are required to establish statutory standing in civil forfeiture proceedings. *See, e.g., United States v. $3,956.00 in United States Currency*, Case No. 22-cv-3026, 2023 U.S. Dist. LEXIS 133467, at *8 (C.D. Ill. July 31, 2023) ("In order to have standing in a forfeiture proceeding, a claimant must file a verified claim and an answer to the complaint." (citing *United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597-97 (7th Cir. 2000)); *United States v. $39,000.00 in United States Currency*, Case No. 1:18 CV 1753, 2019 U.S. Dist.

Case: 3:22-cv-00041-RAM-RM Document #: 53 Filed: 09/25/23 Page 9 of 15

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-0041
Memorandum Opinion
Page 9 of 15

LEXIS 95309, at *5 (N.D. Ohio June 6, 2019) ("A person who wishes to intervene and assert an interest in the property in a civil forfeiture case must file two responsive pleadings: a verified claim and an answer." (citing Supplemental Rule G(5))).

As one court recently articulated, "Pursuant to Rule 8, an answer must state in short and plain terms the party's defenses to each claim asserted against it and must admit or deny the allegations asserted against the party by an opposing party. Fed. R. Civ. P. 8(b)(1)." *$3,956.00 in United States Currency*, 2023 U.S. Dist. LEXIS 133467, at *8. And, while a court must liberally construe a pro se litigant's pleadings, "however inartfully pleaded," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), "[i]t is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States,* 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993)). Moreover, the Court is familiar with Robinson as a party to court proceedings; he is not an unsophisticated litigant. Although Robinson's opposition/reply to the amended complaint contests some of the allegations in the amended complaint, the said document cannot be construed as an answer.

It is true that a motion to dismiss may be filed in lieu of an answer. *See, e.g., United States v. $92,550 U.S. Currency*, 22-CV-0957V(Sr), 2023 U.S. Dist. LEXIS 128668, at *7 (W.D.N.Y. July 25, 2023) (where the court rules, "In addition to filing a claim, a claimant must serve and file an answer to the complaint or a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure within 21 days after filing the claim. Rule G(5)(b). In as much as claimant's answer was filed 35 days after his claim, it is untimely"). In the matter at bar, Robinson filed a motion to dismiss the amended complaint (ECF No. 43); but, it was filed on October 3, 2022, two months after the August 3, 2022 filing of the amended complaint. Thus, the motion is untimely, and the Court will not consider it as complying with the procedural requirements of the Supplemental Rules.

Because the Court finds that Robinson has failed to assert his interest in the property at issue "in the manner set forth in the Supplemental Rules," 18 U.S.C. § 983(a)(4)(A), the Court concludes that he lacks statutory standing to intervene in this matter. *$92,550 U.S. Currency*, 2023 U.S. Dist. LEXIS 128668, *6-7 ("If a claimant fails to comply with the

Case: 3:22-cv-00041-RAM-RM   Document #: 53   Filed: 09/25/23   Page 10 of 15

United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76
Case No. 3:22-cv-0041
Memorandum Opinion
Page 10 of 15

procedural requirements of the Supplemental Rules, the claim may be stricken for lack of statutory standing.").[6]

### 2. Article III Standing

As with all cases filed in federal court, "[s]tanding is a threshold consideration in . . . civil forfeiture cases." *United States v. One-Sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 40 (1st Cir. 2003) (citing *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999)); *McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 67 (1st Cir. 2003)). Article III standing requires a plaintiff to show:

> at an "irreducible constitutional minimum," that: (1) they have suffered an injury in fact — the invasion of a legally protected interest which is concrete and particularized; (2) the injury is fairly traceable to the challenged conduct (a causal connection) of the defendant; and (3) a favorable decision on the merits likely will redress the injury.

*All Assets*, 2023 U.S. Dist. LEXIS 135712, at *23-24 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)) (other citations omitted). To determine Article III standing in civil forfeiture cases, courts employ the """colorable interest" test, which requires a claimant to show "some evidence of ownership" beyond the mere assertion of an ownership interest in the property.'" *United States v. $31,000 in United States Currency*, CASE NO. 1:16 CV 1581,

---

[6] The Court acknowledges that "in some circumstances, . . . especially where claimants are proceeding *pro se*, courts may excuse some minor procedural failings so long as 'the underlying goals of' the Supplemental Rules 'are not frustrated.'" *All Assets II*, 664 F. Supp. 2d at 102 (quoting *United States v. Funds from Prudential Securities*, 300 F. Supp. 2d 99, 104 (D.D.C. 2004) (collecting cases)). When exercising discretion to excuse a claimant's procedural default,

> a court may consider . . . the claimant's good faith attempts to comply with procedural requirements; the date upon which the claimant received notice of the pending forfeiture action; any requests by the claimant to amend the pleadings or for an extension of time; any reasons proffered by the claimant for the omission; and whether prejudice to the United States will result from excusing the claimant's procedural errors.

*All Assets II*, 664 F. Supp. 2d at 102 (citing *United States v. 83,686.00 in United States Currency Seized from Suntrust Account No. 1000018120112*, 498 F. Supp. 2d 21, 24 (D.D.C. 2007)), *quoted in $3,956.00 in United States Currency*, 2023 U.S. Dist. LEXIS 133467, at *8-9. Based upon the record, the Court determines that Robinson's procedural failings are not "minor." Moreover, Robinson had time and opportunity to "cure" the defects. Although he did attempt to prove his claimed interest in the aircraft in his response to the United States' motion for judgment on the pleadings, at no time has he proffered any reasons for the procedural defects. In addition, the Court reiterates that Robinson is not an unsophisticated litigant. Both his response to the amended complaint and the United States' motion fall woefully short of demonstrating standing, both statutory, and, as addressed *infra*, constitutional.

Case: 3:22-cv-00041-RAM-RM   Document #: 53   Filed: 09/25/23   Page 11 of 15

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-0041
Memorandum Opinion
Page 11 of 15

2018 U.S. Dist. LEXIS 86656, at *11-12 (N.D. Ohio May 23, 2018) (quoting *United States v. Phillips*, 883 F.3d 399, 403 (4th Cir. 2018)).

"When the government moves to strike a claim for lack of standing, a claimant has the burden to establish standing by a preponderance of the evidence." *United States v. Seventeen Thousand Nine Hundred Dollars ($17,900.00) in United States Currency*, 859 F.3d 1085, 1089 (D.C. Cir. 2017) (citing Supplemental Rule G(8)(c)), *quoted in All Assets*, 2023 U.S. Dist. LEXIS 135712, at *25. A claimant can meet this burden by "point[ing] to some evidence in the record that would allow a reasonable factfinder to conclude" that the claimant has a "cognizable interest in the assets potentially subject to forfeiture." *All Assets II*, 664 F. Supp. 2d at 104-05, *quoted in All Assets*, 2023 U.S. Dist. LEXIS 135712, at *26.

In the matter at bar, the Court agrees with the United States that "[i]t is impossible to determine who owns the defendant property from Robinson's filings." Mem. at 10. Robinson submits a document titled "Aircraft Operating Agreement" in support of his opposition to the motion. *See* ECF No. 32-1. While it is true that Robinson is listed as an "interested party," in the second paragraph of page one of the said agreement, it also states that the defendant aircraft "will be owned by and through a Delaware corporation formed for such purpose (Taj Leasing, Inc.)." *Id*. at 1. In his opposition/reply to the initial complaint, Robinson states that he, along with others, "incorporated,[sic] TAJ Leasing, Inc., for [the] purpose of reacquiring" the defendant aircraft. ECF No. 4 at 1.[7] Thus, despite Robinson purportedly asserting an ownership interest, the aircraft at issue appears to be owned by a corporation.[8]

On the "Certificate of Incorporation of Taj Leasing Inc" (ECF 4-3) Robinson is listed as a "director" of the corporation. Robinson also has submitted a document titled "Aircraft Lease Agreement" (ECF No. 4-8), purporting to lease the defendant aircraft from Taj Leasing, Inc., to an entity called "The Kalinago Trading Co. & Farm to Market, Inc." Robinson signed the said document on behalf of Taj Leasing, Inc., as Secretary, as well as on behalf of the

---

[7] Robinson also attaches to this opposition/reply to the original complaint a title search report, dated September 16, 2010, that lists the owner of the aircraft as "Clint Aero, Inc.," and a document titled "Certificate of Incorporation of Taj Leasing, Inc.," dated October 1, 2018. *See* ECF No. 4-3.

[8] At this juncture, in the absence of a certificate of title, it is unclear to the Court that Taj Leasing, Inc., is in fact the owner of the aircraft. At the same time, the Court finds that Robinson has not demonstrated that he owns the aircraft personally.

Case: 3:22-cv-00041-RAM-RM   Document #: 53   Filed: 09/25/23   Page 12 of 15

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-0041
Memorandum Opinion
Page 12 of 15

Kalinago Trading Co. & Farm to Market, Inc., as President.[9] However, nothing in any of the documents submitted by Robinson in this proceeding appear to be filed by him on behalf of either entity, nor do the documents establish Robinson as authorized to represent either entity. All of Robinson's filings are signed by Robinson, *pro se*, with no other qualifier. Thus, the Court construes Robinson to be making a claim to the defendant aircraft personally, in an individual capacity.

It is well settled that only individuals and entities that have an interest in the seized property are proper claimants. Here, the documents supplied by Robinson show that the aircraft at issue is purportedly owned by the corporation Taj Leasing, Inc. Even if the Court were to accept Robinson's claim to be predicated upon his position as an officer of Taj Leasing, Inc., he has not shown that officers of the corporation have an ownership interest. The facts in the matter at bar are similar to those presented to the court in *United States v. Real Prop.*, Case No. 06-15770-BC, 2008 U.S. Dist. LEXIS 16287 (E.D. Mich. Mar. 4, 2008), where the court states,

> Though Claimant has not responded to the Government's motion, it appears that his claim is predicated on his position as secretary of the corporation. Despite his position in the corporation, Claimant has not demonstrated that the corporation's secretary or a FWMC member has an ownership interest. At best, Claimant is an unsecured creditor, which does not establish standing to challenge the forfeiture pursuant to 18 U.S.C. § 983(d)(6)(B)(i). Thus, Claimant does not have standing to challenge the forfeiture.

*Id*. at *4-5. *See also United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in United States Currency*, Case No. 4:12-CV-1559 (CEJ), 2015 U.S. Dist. LEXIS 17821, at *11 (E.D. Mo. Feb. 13, 2015) ("Directors, officers and shareholders of a corporation do not have standing to claim an ownership interest in corporate property in their individual capacities; they must state such a claim in the corporate name." (citations omitted)).

In the event Robinson is claiming an interest because he provided some capital or other investment in the aircraft and to incorporate Taj Leasing, Inc., *see* ECF No. 32-1 and ECF No. 33, he still could not claim a personal or individual interest in the property. As the

---

[9] In his responses to the United States' request for admissions, Robinson states that he is the president of both Taj Leasing, Inc., and Kalinago Trading Co. & Farm to Market, Inc. *See* ECF No. 31-1 at 3.

Case: 3:22-cv-00041-RAM-RM   Document #: 53   Filed: 09/25/23   Page 13 of 15

United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76
Case No. 3:22-cv-0041
Memorandum Opinion
Page 13 of 15

Eastern Missouri District Court observes, "Even if claimant supplied the capital or transferred personal funds to the corporation, she could not assert an individual claim that would deprive LaOstriches of its claim to the property seized from corporate accounts." *Id*. at *8 (citations omitted). *See also Brevard County v. Ramsey*, 658 So. 2d 1190, 1196 (Fla. Dist. Ct. App. 1995) ("It is basic hornbook law that 'corporate property is vested in the corporation itself, and not in the individual stockholders, who have neither legal nor equitable title in the corporate property.'" (quoting *In re Miner*, 177 B.R. 104 (Bankr. N. D. Fla. 1994))).

Even if Robinson is the sole shareholder of the corporation, which he does not claim, Robinson "d[oes] not hold an individual ownership interest over the company's assets." *Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in United States Currency*, 2015 U.S. Dist. LEXIS 17821, at *11 (citing *Wendel v. Wendel*, 72 S.W.3d 626, 632 (Mo. Ct. App. 2002) ("A party who is the sole shareholder of a corporation does not have legal ownership of the corporation's property; rather, the title remains in the corporation." (quotation omitted))); *see also United States v. 479 Tamarind Drive*, 98 Civ. 2279 (RLC), 2005 U.S. Dist. LEXIS 23819 (S.D.N.Y. Oct. 14, 2005) (holding that a shareholder in a corporation does not have standing to contest the forfeiture of any of the specific assets of that corporation) *cited in United States v. Two Bank Accounts*, CIV. 06-4016-KES; 06-4005, 2008 U.S. Dist. LEXIS 105402, at *16-18 (D.S.D. Dec. 31, 2008).

Based upon the evidence in the record before it, the Court finds that Robinson has not carried his burden to show an individual ownership interest in the defendant property and, therefore, lacks Article III standing to challenge the forfeiture sought in this proceeding.

### B. Judgment

In addition to striking Robinson's claim, the United States seeks judgment entered in its favor. *See* Proposed Order (ECF No. 30-1). Rule G(4) of the Supplemental Rules requires the government to provide both notice by publication and direct notice to known potential claimants.[10] Further, subparagraph (a) of Rule G(4) specifically states: "[a] judgment of

---

[10] Supplemental Rule G(4) provides, in relevant part:

> **(4) Notice.**
>
>> **(a)** *Notice by Publication.*
>>
>>> **(i)** When Publication Is Required. A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable

Case: 3:22-cv-00041-RAM-RM Document #: 53 Filed: 09/25/23 Page 14 of 15

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-0041
Memorandum Opinion
Page 14 of 15

forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint . . . ." Supplemental Rule G(4)(a)(i). The Rule allows the notice to be published by "posting a notice on an official internet government forfeiture

---

> time after filing the complaint or at a time the court orders. But notice need not be published if:
>
>> **(A)** the defendant property is worth less than $1,000 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant; or
>>
>> **(B)** the court finds that the cost of publication exceeds the property's value and that other means of notice would satisfy due process.
>
> **(ii)** Content of the Notice. Unless the court orders otherwise, the notice must:
>
>> **(A)** describe the property with reasonable particularity;
>>
>> **(B)** state the times under Rule G(5) to file a claim and to answer; and
>>
>> **(C)** name the government attorney to be served with the claim and answer.
>
> **(iii)** Frequency of Publication. Published notice must appear:
>
>> **(A)** once a week for three consecutive weeks; or
>>
>> **(B)** only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published on an official internet government forfeiture site for at least 30 consecutive days, or in a newspaper of general circulation for three consecutive weeks in a district where publication is authorized under Rule G(4)(a)(iv).
>
> **(iv)** Means of Publication. The government should select from the following options a means of publication reasonably calculated to notify potential claimants of the action:
>
>> **(A)** if the property is in the United States, publication in a newspaper generally circulated in the district where the action is filed, where the property was seized, or where property that was not seized is located;
>>
>> **(B)** if the property is outside the United States, publication in a newspaper generally circulated in a district where the action is filed, in a newspaper generally circulated in the country where the property is located, or in legal notices published and generally circulated in the country where the property is located; or
>>
>> **(C)** instead of (A) or (B), posting a notice on an official internet government forfeiture site for at least 30 consecutive days.
>
> **(b)** *Notice to Known Potential Claimants.*
>
>> **(i)** Direct Notice Required. The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).

Fed. R. Civ. P. Supplemental Rule G(4)(a)-(b)(i).

Case: 3:22-cv-00041-RAM-RM   Document #: 53   Filed: 09/25/23   Page 15 of 15

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-0041
Memorandum Opinion
Page 15 of 15

site for at least 30 consecutive days." Fed. R. Civ. P. Supp. G(4)(a)(iv)(C); *United States v. Approximately $64,950.00 in United States Currency*, No. C 13-01870 LB, 2013 U.S. Dist. LEXIS 179916, at *14 (N.D. Cal. Dec. 19, 2013).

Although the United States avers that "notice was published on website for thirty days," Mem. at 2, the United States fails to provide the content of the notice that was so published, fails to provide any proof of such publication, by affidavit or otherwise, and even fails to identify the website utilized. Consequently, in the absence of evidence of compliance with Supplemental Rule G(4), the Court finds that the United States is not entitled to judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Robinson lacks both statutory and constitutional standing to contest the forfeiture of the defendant property and, consequently, will grant Defendant's request to strike Robinson's claim. Because the Court finds that the United States is not entitled to summary judgment, the Court will deny that portion of its motion for judgment on the pleadings. An appropriate Order follows.

**Dated:** September 25, 2023            /s/ *Robert A. Molloy*
                                         **ROBERT A. MOLLOY**
                                         **Chief Judge**