# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-00041-RAM-RM |
| ONE 1962 AERO TWIN COMMANDER 500B, TAIL NO. N37CK, SERIAL NO. 500A-1251-76, | ) |
| Defendant. | ) |

**APPEARANCES:**

**DELIA L. SMITH, UNITED STATES ATTORNEY**
**KIMBERLY L. COLE, ASSISTANT UNITED STATES ATTORNEY**
OFFICE THE UNITED STATES ATTORNEY
ST. THOMAS, U.S. VIRGIN ISLANDS
   *FOR PLAINTIFF*,

**RUSSELL ROBINSON,** *PRO SE*
ST. THOMAS, U.S. VIRGIN ISLANDS
   *CLAIMANT*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

**BEFORE THE COURT** are four motions filed by Russell Robinson:

1. Fed.Civil, [sic] 59 (e) Correction and Judicial Notice Motion (ECF No. 58),
2. Notification Judicial Notice Motion (ECF No. 59),
3. Judicial Notice Motion (ECF No. 60), and
4. Motion Submitting Additional FAA Registered Evidence of Ownership (ECF No. 61).

Three of the motions (ECF Nos. 58, 59, and 61) seek relief from the Court's Order, entered September 25, 2023, (ECF No. 54), striking any claim or other interest asserted by Russell Robinson in the defendant property and denying all motions filed by Russell Robinson (ECF Nos. 38, 41, 43, and 51) due to lack of standing. The Judicial Notice Motion

Case: 3:22-cv-00041-RAM-RM Document #: 63 Filed: 01/25/24 Page 2 of 9

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-00041-RAM-RM
Memorandum Opinion
Page 2 of 9

(ECF No. 60) asks only that the Court take judicial notice of a federal statute and a Supreme Court decision. The time for filing any responses has expired. These motions are ripe for adjudication. For the reasons stated below, the Court will deny the three motions requesting relief from the said Order and will grant the Judicial Notice Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The United States commenced this forfeiture proceeding by the filing of its complaint on June 27, 2022. (ECF No. 1.) The United States then filed a notice that the "Warrant of Arrest (Doc. No. 2) was executed on the defendant property on July 12, 2022." ECF No. 3. Robinson filed a document titled "Verified Opposition/Reply Contesting Complaint for Forfeiture in Rem, Under Penalty of Perjury (28 U.S.C. § 1746)," ECF No. 4, claiming to be the "real-party-in-interest." *Id*. at 1. On August 3, 2022, the United States filed an Amended Complaint (ECF No. 19). Robinson immediately responded, filing his "Verified Opposition to First Amended Complaint (ECF No. 19) Under Penalty of Perjury (28 U.S.C. § 1746) with Facts,[sic] and Jurisprudence in Support," ECF No. 21, on August 4, 2022, wherein he identifies himself as "Real-Party-In-Interest." *Id*. at 1.

The United States asserts jurisdiction of the Court pursuant to 49 U.S.C. § 46306, alleging that, on March 8, 2022, while not properly licensed, Robinson operated the aircraft at issue, in violation of 49 U.S.C. § 46306(b)(7), subjecting the aircraft to forfeiture under subparagraph (d) of 49 U.S.C. § 46306. Robinson opposes, contending that he did not "pilot" the plane and, in any event, the suspension of his pilot license was improper. *See* ECF No. 21 at 2.

After propounding interrogatories to Robinson, *see* ECF No. 23, and receiving Robinson's responses thereto, the United States filed its motion for judgment on the pleadings asking the Court to strike Robinson's claim and enter judgment in its favor. *See* ECF Nos. 32 and 32-1. Robinson filed an opposition to the motion, *see* ECF No. 34, without reply by the United States. Based upon the evidence in the record, the Court found that Robinson had failed to demonstrate that he was a proper claimant or otherwise had standing to contest the forfeiture proceedings and granted the United States' request to strike

Case: 3:22-cv-00041-RAM-RM Document #: 63 Filed: 01/25/24 Page 3 of 9

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-00041-RAM-RM
Memorandum Opinion
Page 3 of 9

Robinson's claim.[1] *See* Memorandum Opinion and Order (ECF Nos. 53 and 54, respectively), entered September 25, 2023. Robinson seeks reconsideration of this ruling.

## II. LEGAL STANDARD

Rule 59 of the Federal Rules of Civil Procedure allows an aggrieved party to file "a motion to alter or amend a judgment." Fed. R. Civ. P. 59(e).[2] The purpose of such a motion is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Often referred to as a motion for reconsideration, the Third Circuit has held that "'a proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Lazaridis v. Wehmer*, 591 F. 3d 666, 669 (3d Cir. 2010) (quoting *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995)), *quoted in Soly v. Warlick*, Civil No. 1991-0212; Civil No. 1995-0084, 2014 U.S. Dist. LEXIS 43971, at *15-16 (D.V.I. Mar. 31, 2014).

The first rationale a court may employ to reconsider an order or decision, an intervening change in controlling law, is self-explanatory and not asserted as grounds for any of the motions currently before the Court.

The second basis as stated by the Third Circuit, the availability of new evidence, has been interpreted to mean newly discovered evidence or evidence that was unavailable at the time the initial order or decision was rendered. *See, e.g., Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("'We have made clear that "new evidence," for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.' [*Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)]. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for

---

[1] The Court also denied the United States' request for entry of judgment.
[2] The order at issue is not a judgment. However, the Court's Local Rule of Civil Procedure 7.3 provides that a party may seek reconsideration of any Court order or decision. LRCi 7.3(a). The standard of review and legal analysis is the same under this local rule as that utilized for Rule 59 motions. *See, e.g., Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021). Because the Court construes Robinson's *pro se* filings liberally, the Court proceeds as if he brings the motions at issue under LRCi 7.3.

Case: 3:22-cv-00041-RAM-RM Document #: 63 Filed: 01/25/24 Page 4 of 9

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-00041-RAM-RM
Memorandum Opinion
Page 4 of 9

reconsideration." (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985))); *Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 60 (D.N.J. 2021) (describing the availability of new evidence grounds for granting reconsideration as "evidence not available when the Court issued the subject order has become available") (citing *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)) (other citation omitted))); *Interfaith Cmty. Org., Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317-18 (D.N.J. 2010) ("[T]he moving party has the burden of demonstrating the evidence was unavailable or unknown at the time of the original hearing." (citing *Desantis v. Alder Shipping Co.,* No. 06-1807 (NLH), 2009 U.S. Dist. LEXIS 13535, at *3 (D.N.J. Feb 20, 2009) (citing *Levinson v. Regal Ware, Inc.,* No. 89-1298, 1989 U.S. Dist. LEXIS 18373, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989))). Nothing in the motions being considered indicates that Robinson bases any of them upon the availability of new evidence.

The Court interprets Robinson's three motions (ECF Nos. 58, 59, and 61) seeking relief from the Court's previous order (ECF No. 54) as asserting the "need to correct clear error of law." Regarding this third ground for reconsideration, the Court has observed:

> [U]nder the established law, clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

*Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021); *see also, e.g., Plaskett v. Cruz*, Case No. 3:17-cv-0067, 2021 U.S. Dist. LEXIS 178563, at *2 (D.V.I. Sept. 20, 2021).

Further, it is settled law in this jurisdiction that motions for reconsideration "are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for

Case: 3:22-cv-00041-RAM-RM Document #: 63 Filed: 01/25/24 Page 5 of 9

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-00041-RAM-RM
Memorandum Opinion
Page 5 of 9

raising arguments that could have been raised before but were not.'" *United States v. Matthias*, Case No. 3:19-cr-0069, 2022 U.S. Dist. LEXIS 106707, at *7 (D.V.I. June 15, 2022) (quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004))); *see also, e.g., Blystone*, 664 F.3d at 415 ("The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case . . . ." (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010))).

The *Matthias* court also instructs that, "because reconsideration 'is an extraordinary remedy,' it should only be granted sparingly." *Matthias*, 2022 U.S. Dist. LEXIS 106707, at *7 (citing *Boldrini v. Wilson*, No. 3:CV-11-1771, 2013 U.S. Dist. LEXIS 22249, at *4-5 (M.D. Pa. Feb. 19, 2013)).

### III. DISCUSSION

As with all *pro se* filings, the Court liberally construes Robinson's motions. S*ee, e.g., Morisseau v. Borough of N. Arlington*, Civil action No. 16-8367, 2018 U.S. Dist. LEXIS 51701, at *32 (D.N.J. Mar. 28, 2018) ("Courts liberally construe documents filed by pro se plaintiffs, and hold the filings to less stringent standards than those drafted by attorneys." (citing *Erickson v. Pardus*, 551 U.S. 89 (2007))). At the same time, the "Court need not . . . credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Purpura v. JPMorgan Chase*, Civil Action No. 16-3765, 2017 U.S. Dist. LEXIS 43946, at *8 (D.N.J. Mar. 24, 2017) (quoting *D'Agostino v. CECOM RDEC*, Civ. Action No. 10-4558(FLW), 2010 U.S. Dist. LEXIS 95666, at *1 (D.N.J. Sept. 13, 2010) (internal quotation marks omitted)).

The Court understands Robinson to dispute both the Court's subject matter jurisdiction and the Court's conclusion that Robinson failed to carry "his burden to show an individual ownership interest in the defendant property and, therefore, lacks Article III standing to challenge the forfeiture sought in this proceeding." Memorandum Opinion (Mem. Op.) (ECF No. 53) at 13.[3]

---

[3] In its Memorandum Opinion (ECF No. 53), the Court determined that Robinson was barred from intervening in this proceeding as a claimant because he had not fully complied with the statutory requirements to qualify as a claimant. Mem. Op. at 9-10.[3] Nothing in Robinson's motions appears to dispute this finding.

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-00041-RAM-RM
Memorandum Opinion
Page 6 of 9

### A. Fed.Civil, [sic] 59 (e) Correction and Judicial Notice Motion

In this document, Robinson declares that the defendant aircraft is "owned by the Kalinago Tribe of the United States Virgin Islands." ECF No. 58 at 1. He further avers that, by virtue of a proclamation signed by the governor and lieutenant governor of the Virgin Islands "recognizing" the Kalinago Tribe of the U.S. Virgin Islands, the Kalinago Tribe of the United States Virgin Islands is immune from suit "as any Foreign Government." *Id*. at 2. Additionally, he contends that the aircraft at issue is "100% innocent of any perceived violation of any Nation's laws, Statutes, Regulations or Ordinances, [sic] hence . . . the Court lacks jurisdictional (Statutory) Article III Standing [sic] to detain, seize, forfeit, destroy, sabotage. [sic]" *Id*. at 1-2.

First, the Court finds that none of the evidence in the record shows that the Kalinago Tribe of the United States Virgin Islands owns the aircraft at issue. Nearly all the documents submitted by Robinson, including those submitted in support of the current motions under consideration, reflect that the aircraft is owned by Taj Leasing, Inc., a corporation. *See, e.g.,* ECF Nos. 59-1 and 61-1. Thus, even if the Kalinago Tribe enjoys immunity from suit, the legal status of the Kalinago Tribe is not at issue in nor does it have any affect upon this proceeding.

Second, whether the United States can prove the claimed statutory violations underlying this proceeding is a separate and distinct question from whether the Court has subject matter jurisdiction to hear this matter. Because the United States is alleging a violation of a federal statute, the Court has jurisdiction under 28 U.S.C. § 1331.

Therefore, the Court finds that Robinson is not entitled to the relief requested in this motion, and the Court will deny the motion.

### B. Notification Judicial Notice Motion

Here, Robinson first asks the Court to take "Judicial Notice [sic] of the attached documents." ECF No. 59 at 1. He then again conflates the issue of jurisdiction with the issue of the validity of the United States' claimed statutory violation, stating:

> In this case the court was without any valid Statutory violations committed by either N37CK, or Robinson . . . . N37CK and Robinson are innocent of any violation of any law, Statute, Regulation or any ordinance related to the "use" and or "ownership," "registration" of N37CK as governed and enforced by the FAA or any Court of this land.

Case: 3:22-cv-00041-RAM-RM   Document #: 63   Filed: 01/25/24   Page 7 of 9

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-00041-RAM-RM
Memorandum Opinion
Page 7 of 9

ECF No. 59 at 3. As noted above, the Court has jurisdiction under 28 U.S.C. § 1331. Whether the United States can prove any violation is a separate and altogether different matter.

Robinson also raises the issue of ownership of the defendant aircraft, disputing the Court's finding that he has not demonstrated a personal, individual ownership interest in the aircraft. However, the documents Robinson attaches, that he asserts "is all the legal proof required by Russell Robinson to validate any and all claims to Rights of interests in N37CK," ECF No. 59 at 2, do not contain such proof. The documents clearly reflect that the defendant aircraft is owned by a corporation called Taj Leasing, Inc. *See* ECF Nos. 59-1, 61-1.

Although the motion's title and the beginning text asks the Court to take judicial notice of some document submitted by Robinson, the Court finds that it is more in the nature of a motion to reconsider. *See* "Relief Requested," ECF No. 59 at 4 (where Robinson requests the Court to "dismiss this cause of action ordering the return of N37CK to Robinson or the Kalinago Trading Co. and Farm to Market, Inc."). Nothing in this motion persuades the Court that reconsideration of its previous order and accompanying memorandum opinion (ECF Nos. 54 and 53, respectively) is warranted. Consequently, the Court will deny this motion.

### C. Judicial Notice Motion

As the title suggests, this motion seeks the Court to take judicial notice of a federal statute governing the registration of aircraft, a copy of which is attached to the motion, and a decision of the United States Supreme Court. *See* ECF No. 60 at 1. Despite neither authority being applicable or bearing upon the issues addressed by the Court in its previous order, because the cited statute and Supreme Court opinion have not been repealed or overturned and, thus, remain good law, and their existence and authenticity cannot be disputed, the Court will grant the motion to the extent that the Court takes judicial notice of the existence and authenticity of the said statute and opinion.

### D. Motion Submitting Additional FAA Registered Evidence of Ownership

Robinson, in this motion, requests the Court to "set fort [sic] facts and law as to its Article III standing to establish subject-matter jurisdiction to detain, seize, and forfeit N37CK." ECF No. 61 at 2. Notwithstanding Robinson's confusion between standing and jurisdiction, the Court has explained herein that subject matter jurisdiction rests in this Court

Case: 3:22-cv-00041-RAM-RM Document #: 63 Filed: 01/25/24 Page 8 of 9

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-00041-RAM-RM
Memorandum Opinion
Page 8 of 9

pursuant to 28 U.S.C. § 1331. Whether the United States proves its entitlement to forfeiture is a wholly separate issue.

Robinson also asks the Court to "set forth facts and law as to how it knows, [sic] 'Russell Robinson' [sic] does not own N37CK." ECF No. 61 at 2. The Court details the evidence it considered in its Memorandum Opinion (*see* ECF No. 53). For the motions currently before it, the Court also reviewed the documents Robinson filed subsequent to the previous decision. As noted *supra*, nearly all the documents indicate that the defendant aircraft, FAA Registration No. N-37CK, is owned by Taj Leasing, Inc., a corporation. None of the documents in the record demonstrate that Robinson has a personal, individual ownership interest in the aircraft at issue.

As the Court states:

> It is well settled that only individuals and entities that have an interest in the seized property are proper claimants. Here, the documents supplied by Robinson show that the aircraft at issue is purportedly owned by the corporation Taj Leasing, Inc. Even if the Court were to accept Robinson's claim to be predicated upon his position as an officer of Taj Leasing, Inc., he has not shown that officers of the corporation have an ownership interest.

Mem. Op. at 12. Robinson has presented no argument, authority, or evidence to contradict the Court's findings. Consequently, the Court did not err when it ruled that Robinson failed to demonstrate standing sufficient to contest the forfeiture sought in this proceeding.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that it did not "overlook[] some dispositive factual or legal matter that was presented to it." *Greene v. V.I. Water & Power Auth.*, 1:06-cv-11, 2012 U.S. Dist. LEXIS 144382, at *6 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Thus, the Court is not persuaded that reconsideration is warranted. Moreover, the Court is not left with a "'definite and firm conviction that a mistake was committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)).

Because the Court finds that it did not commit error in its Memorandum Opinion and Order (ECF Nos. 53 and 54, respectively) and, thus, that they need not be "altered or amended," Robinson is not entitled to reconsideration, and the Court will deny Russell

*United States v. One 1962 Aero Twin Commander 500B, Tail No. N37CK, Serial No. 500A-1251-76*
Case No. 3:22-cv-00041-RAM-RM
Memorandum Opinion
Page 9 of 9

Robinson's motions docketed at ECF Nos. 58, 59, and 61. The Court will grant the Judicial Notice Motion docketed at ECF No. 60. An appropriate Order follows.

**Dated:** January 25, 2024                          /s/ *Robert A. Molloy*
                                              **ROBERT A. MOLLOY**
                                              **Chief Judge**